UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| NANCY TIROZZI, BETH RAMSAY, GEOFFREY WILSON, and ANGELA MOSS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>LAKELAND TOURS, LLC, doing business as WORLDSTRIDES,<br><br>Defendant. | Case No.<br><br><br><br><br>**Jury Trial Demanded** |

# CLASS ACTION COMPLAINT

Plaintiff Nancy Tirozzi ("Tirozzi"), Plaintiff Beth Ramsay ("Ramsay"), Plaintiff Geoffrey Wilson ("Wilson"), and Plaintiff Angela Moss ("Moss"), ("Plaintiffs"), individually and on behalf of all other similarly situated, and for their Class Action Complaint against defendant Lakeland Tours, LLC, doing business as WorldStrides ("WorldStrides"), ("Defendant"), hereby alleges and states as follows:

## NATURE OF ACTION

1. This is a class action for monetary damages, restitution, and declaratory relief resulting from Defendant's failure to refund Plaintiffs and members of the Class for pre-paid trips, which included but were not limited to travel, lodging, food, events and excursions, hereinafter referred

1

to as "Trip(s), " and these "Trips" were cancelled, postponed or rescheduled due to the Coronavirus Pandemic/Covid-19 Pandemic ("the Covid-19 Pandemic").

## SUMMARY OF FACTS

2. Defendant is the nation's largest accredited travel organization and offers, organizes, markets and sells Trips to over 400,000 students and their families per year, and generated revenues of over $700 million over the twelve-month period ending December 30, 2019.

3. Plaintiffs and Defendant contracted for Defendant to provide specific Trips on specific dates, in exchange for a total price, which were paid in advance by Plaintiffs.

4. Beginning in or around 2019, Plaintiffs and members of the Class registered for Trips scheduled for 2020.

5. Beginning in or around 2019, Defendant began receiving money from Plaintiffs and members of the Class for pre-payment of Trips scheduled for 2020.

6. Despite their legal obligations to do so, Defendant has received millions of dollars in Trip pre-payments from Plaintiffs and members of the Class whose Trips were cancelled, rescheduled or postponed as a result of the Covid-19 Pandemic.

7. Defendant has failed to refund and is refusing to refund Plaintiffs and members of the Class the money they paid for Trips that were cancelled, rescheduled, or postponed.

## THE PARTIES

8. Plaintiff Nancy Tirozzi is a citizen of the Commonwealth of Massachusetts, residing at 40 Kendall Street, Granby, Massachusetts

9. Plaintiff Beth Ramsay, is a citizen of the state of Washington, residing at 502 S. Georgia Street, Kennewick, Washington.

10. Plaintiff Dr. Geoffrey Wilson is a citizen of the state of Florida, residing at 9320 Reach Road, Rockville, Maryland.

11. Plaintiff Angela Moss is a citizen of the state of Michigan 4653 Madison Street, Dearborn Heights, Michigan.

12. Defendant Lakeland Tours, LLC, conducts its business as WorldStrides and maintains its principal place of business at 218 W. Water Street, Suite 400, Charlottesville, VA 22902.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because (a) certain members of the proposed classes are citizens of a State or States different from any defendant, and (b) the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

14. Venue is proper in the Western Division of this district pursuant to 28 U.S.C. § 1391 because Plaintiff Terozzi resides in the Western Division of this district; and Defendant solicits business in this district and is subject to personal jurisdiction in this district.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs brings this action, individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

16. This action satisfies the numerosity, commonality, typicality, adequacy, superiority, and all other requirements of Rule 23 of the Federal Rules of Civil Procedure.

## **PROPOSED CLASS**

17. Plaintiffs propose the following Class:

> All persons residing in the United States who paid Defendant for 2020 Trips, which Defendants failed to provide, who did not receive a full cash refund equal to the total amount paid to Defendant.

18. Plaintiffs reserve the right to modify or amend the definitions of the proposed Class before the Court determines whether certification is appropriate and as the Court may otherwise allow.

19. Excluded from the proposed Class are the following:

   a. Defendant and any entities in which Defendant has a controlling interest;

   b. Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendant;

   c. The United States District Court Judge(s) to whom this action or any transferred action is assigned and any member of any such Judge's immediate family and any other judicial officer assigned to this action or any transferred action;

   d. All persons or entities with claims against Defendant for personal injury, wrongful death, and/or emotional distress;

   e. All persons or entities that properly execute and timely file a request for exclusion from any proposed class or classes; and

   f. All governmental entities.

20. **Numerosity.** The members of the proposed Class are so numerous that joinder of all members would be impracticable, consisting of hundreds or thousands of members and the

identity of those persons is within the knowledge of and can be ascertained by resorting to Defendant's records.

21. **Commonality.** There are questions of law and fact common to the proposed Class, which predominate over any questions affecting the individual members of the proposed Class.

22. Among the questions of law and fact common to Class are whether:

    a. Defendant received prepayment of the Trips from Plaintiffs and member of the Class;

    b. Plaintiffs and members of the Class' Trips were cancelled, postponed or rescheduled;

    c. Once Plaintiffs and members of the Class' Trips were cancelled, postponed, or rescheduled, Defendant failed to give Plaintiffs and members of the Class a cash refund equal to the total amounts paid to Defendant;

    d. Defendant breached the agreements with Plaintiffs and members of the Class and/or the covenant of good faith and fair dealing through its failure to refund Plaintiffs and members of the Class a cash refund equal to the total amounts paid to Defendant;

    e. Defendant had a duty to maintain and preserve the money prepaid by Plaintiffs and members of the Class and have wrongfully withheld Plaintiffs and the Class' prepaid funds and have converted these specific and readily identifiable prepaid funds;

    f. Defendant has, without proper authorization, assumed and exercised the right of ownership and control over the prepaid funds from Plaintiffs and the members of the Class, in derogation and violation of the rights of Plaintiffs and the members of the Class without legal justification;

    g. Defendant continues to retain the prepaid funds without the consent of Plaintiff or the members of the Class;

    h. Defendant intends to permanently deprive Plaintiffs and the members the Class of some or all of the prepaid funds;

    i. The prepaid funds were properly owned by Plaintiffs and the respective members of the Class, not by Defendant; and

    j. Plaintiffs and the members of the Class are entitled to the immediate possession or repossession of the prepaid funds.

23. **Typicality.** Plaintiffs assert claims that are typical of the members of the Class, all of whom prepaid Defendant for Trips that were cancelled, postponed or rescheduled prior to their scheduled departure date and did not receive a full cash refund equal to the total amount paid.

24. **Adequacy of Representation.** Plaintiffs are adequate representatives of the Class because Plaintiffs' claims fit within the proposed Class definition and Plaintiffs' interests do not conflict with the interests of the members of the proposed Class. Plaintiffs are passionate about this litigation personally and will prosecute this action vigorously for the benefit of the members of the Class. Plaintiffs are represented by experienced and able attorneys from coordinated law firms that will collectively and jointly serve as class counsel. Class counsel has litigated numerous class actions, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of the members of the Class. Plaintiffs' counsel and class counsel can fairly and adequately protect the interests of all members of the Class.

25. **Superiority of Class Action.** The class action is the best available method for the efficient adjudication of the issues raised herein because individual litigation of each proposed Class member's claims would be impractical and unduly burdensome to the courts. Plaintiffs and the members of the proposed Class have suffered irreparable harm as a direct or proximate result of Defendant's breaches and violations as described herein. Because of the size of the claims of most proposed Class members, standing alone, would be *de minimis*, such Class members could not afford to seek legal redress for the breaches and violations described herein. Without the class action vehicle, the Class members would have no reasonable remedy and would continue to suffer losses as Defendant continues to engage in the breaches and violations described herein; moreover, Defendant would be unjustly permitted to retain the pecuniary benefits it received and continues to receive from its violations of the law. Furthermore, individual litigation of each

proposed Class member's claims has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. There will be no difficulty in management of this action as a class action.

26. **Injunctive and/or Declaratory Relief.** Defendant's acts and omissions are uniform as to Plaintiffs and all members of the proposed Class. Defendant has refused to act on grounds that apply generally to Plaintiffs and all members the Class, such that final injunctive relief and/or declaratory relief is appropriate with respect to the Class as a whole.

## COMMON FACTUAL ALLEGATIONS

27. Defendant is in the business of offering, marketing, organizing and selling Trips to over 400,000 students, their families, and educators per year, generating over $700 million in revenue.

28. Over the past year, Defendant collected hundreds of millions of dollars, in advance, from hundreds of thousands of students and their families, including Plaintiffs and members of the Class, for these Trips.

29. Defendant failed to provide many of these Trips scheduled for 2020, including the Trips of Plaintiffs and members of the Class.

30. Many of these Trips were cancelled, postponed, or rescheduled without the authorization or consent of Plaintiffs and members of the Class.

31. Defendant has failed to refund Plaintiffs and the members of the Class the amounts prepaid for these Trips.

32. As a result of Defendant's breaches of their agreements with customers, Defendant has improperly deprived Plaintiffs and the members of the Class of significant funds, causing ascertainable monetary loss and damages.

## PLAINTIFF-SPECIFIC FACTS

### PLAINTIFF TIROZZI

33. In or around June 2019, Plaintiff Nancy Tirozzi ("Tirozzi") signed her minor daughter up for a WorldStrides Trip to Florida from April 18, 2020 thru April 23, 2020, via Defendant's website, worldstrides.com, for the price of $2,198.00.

34. On or about June 5, 2019 through February 4, 2020, Defendant received payments from Tirozzi totaling $2,198.00 for her daughter's Trip.

35. Due to the Covid-19 Pandemic, Tirozzi's daughter's Trip did not take place as scheduled.

36. Defendant failed to provide the bargained-for Trip.

37. Without Tirozzi's agreement or consent, her daughter's Trip was rescheduled to June 2020.

38. After learning that the Trip would not take place as scheduled, on or about April 3, 2020, Tirozzi informed Defendant, in writing, that she wanted a refund.

39. Despite the demand of Tirozzi for a refund, Defendant has refused to refund Tirozzi $2,198.00, the amount she paid Defendant for the Trip.

40. To date, Tirozzi has not received any refund from Defendant.

### PLAINTIFF RAMSAY

41.     In or around May 2019, Plaintiff Beth Ramsay ("Ramsay") signed her minor son Michael up for a WorldStrides Trip to Washington, D.C. from April 6, 2020 thru April 10, 2020 via Defendant's website, worldstrides.com, for the price of $2,575.00.

42.     On or about May 9, 2019 through January 22, 2020, Defendant received payments from Ramsay totaling $2,575.00 for her son's Trip.

43.     Due to the Covid-19 Pandemic, Ramsay's son's Trip did not take place as scheduled.

44.     Defendant failed to provide the bargained-for Trip.

45.     Without Ramsay's agreement or consent, her son's Trip was rescheduled to the spring of 2021.

46.     After learning that the Trip would not take place and had been rescheduled, on or about March 18, 2020, Ramsay informed Defendant, in writing, that she wanted a refund.

47.     Despite the demand of Ramsay for a refund, the Defendant has refused to refund Ramsay $ 2,575.00, the amount she paid the Defendant for the Trip.

48.     To date, Ramsay has not received any refund from Defendants.

**PLAINTIFF WILSON**

49.     In or around May 2019, Plaintiff Wilson signed up his minor son for a WorldStrides trip to Italy from April 9, 2020 thru April 16, 2020 via Defendant's website, worldstrides.com, for the price of $3,850.00.

50.      In or around May 2019 through approximately February 2020, Defendant received payments from Wilson totaling $3,850.00 for his son's Trip.

51. Due to the Covid-19 Pandemic, Wilson's son's Trip did not take place as scheduled.

52. Defendant failed to provide the bargained-for Trip.

53. After learning that his son's Trip would not take place as scheduled, in or around April 2020, Wilson informed Defendant, in writing, that he wanted a refund.

54. In or around April 2020, Wilson filed a complaint with the Better Business Bureau against the Defendant WorldStrides.

55. Despite the demand of Wilson for a refund, Defendant has refused to refund Wilson $3,850.00, the amount he paid Defendant for the Trip.

56. To date, Wilson has not received any refund from Defendants.

## **PLAINTIFF MOSS**

57. In or around May 2019, Plaintiff Angela Moss ("Moss") signed her minor son and minor daughter up for a WorldStrides Trip to Washington, D.C. from May 12, 2020 thru May 15, 2020 via Defendant's website, worldstrides.com, for $849.00 each and the total price of $1,698.00.

58. In or around May 2019 through around January 2020, Defendant received payments from Moss totaling $1,698.00 for Moss' son and daughter's Trip.

59. Due to the Covid-19 Pandemic, Moss' son and daughter's Trip did not take place as scheduled.

60. Without Moss' agreement or consent, her son and daughter's Trip was cancelled.

61.     After learning that the Trip would not take place as scheduled, Moss informed Defendant that she wanted a refund.

62.     Despite the demand of Moss for a refund, Defendant has refused to refund Moss $1,698.00, the amount she paid Defendant for her son and daughter's Trip.

63.     To date, Moss has not received any refund from Defendants.

## COUNT ONE
### Breach of Contract
### (On Behalf of Plaintiffs and the Class)

64.     Plaintiffs repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Class Action Complaint as if fully set forth herein.

65.     Plaintiffs and Defendant contracted for Defendant to provide specific Trips on specific dates in exchange for a total price, which was paid, in advance, by Plaintiffs.

66.     Defendant has similarly contracted with other customers, including the members of the Class, for Trips, in exchange for a total price, which was paid, in advance, by other consumers and members of the Class.

67.     Defendant has materially breached its contracts with Plaintiffs and its agreements with other consumers, including the members of the Class.

68.     Defendant materially breached its contracts with Plaintiffs and members of the Class by failing to provide the Trips for which Plaintiffs and members of the Class pre-paid, and the Plaintiffs have suffered direct and consequential financial damage, harm and detriment.

69.     Defendant is liable for the damages, including monetary losses, suffered by Plaintiffs and the Class as a result of Defendant's breach.

## COUNT TWO
### Breach of Duty of Good Faith & Fair Dealing
### (On Behalf of Plaintiffs and the Class)

70. Plaintiffs repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Class Action Complaint as if fully set forth herein.

71. The covenant of good faith and fair dealing is an element of the agreements between Plaintiffs and Defendant, as well as the agreements between Defendant and other consumers, including the members of the Class. In connection with the execution and performance of obligations under an agreement, the covenant of good faith and fair dealing means preserving the spirit – not merely the letter – of the bargained-for agreement. Stated differently, the parties to an agreement are mutually obligated to comply with the substance of their agreement in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the execution and performance of obligations under an agreement.

72. By failing to fully refund Plaintiffs and members of the Class the amounts pre-paid for Trips that were cancelled, rescheduled or postponed, Defendant has breached the covenant of good faith and fair dealing with respect to Plaintiffs and other consumers, including the members of the Class.

73. Plaintiffs and other consumers who pre-paid Defendant for Trips, including the members of the Class, have performed all or substantially all of the obligations imposed upon them under the relevant agreements.

74. Plaintiffs and the members of the Class have sustained damages, including monetary losses, as a direct and proximate result of Defendant's breaches of the covenant of good faith and fair dealing.

75. Defendant is liable for the damages, including monetary losses, suffered by Plaintiffs and members of the Class as a result of Defendant's breach of the covenant of good faith and fair dealing.

### COUNT THREE
### Conversion
### (On Behalf of Plaintiffs and the Class)

76. Plaintiffs repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Class Action Complaint as if fully set forth herein.

77. Plaintiff and the other members of the Class have an undisputed right to immediate refunds of the amounts they have pre-paid for Trips that were cancelled, rescheduled or postponed.

78. Defendant wrongfully exercised control over, or intentionally interfered with, the rights of Plaintiffs and other members of the Class by refusing to grant, upon demand, immediate refunds of, and unlawfully retaining, the amounts Plaintiffs and the other members of the Class have pre-paid for Trips that were cancelled, rescheduled or postponed.

79. Defendant has converted and wrongfully deprived Plaintiffs and members of the Class of the right to their property, in this case, the amounts they have pre-paid for Trips that were cancelled, rescheduled or postponed.

80. Plaintiffs and the members of the Class have sustained damages, including monetary losses, as a direct and proximate result of Defendant's wrongful conversion of the prepaid funds.

81. Because of Defendant's wrongful conversion of the prepaid funds, Defendant is liable for damages, including all amounts wrongfully converted, and costs permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated, including the members of the Class respectfully requests the following relief:

    a.     An Order declaring that this action is a proper class action, certifying the Class as defined herein and pursuant to Rule 23 of the Federal Rules of Civil Procedure, designate Plaintiffs as Class Representative and appointing the undersigned counsel as Class Counsel;

    b.     A judgment awarding Plaintiffs and the members of the Class compensatory, consequential, and statutory damages, as applicable;

    c.     A judgment awarding Plaintiffs and members of the Class, restitution of all pre-paid funds charged/received by Defendants;

    d.     A judgment awarding Plaintiffs and members of the Class actual damages;

    e.     A judgment awarding Plaintiffs and members of Class equitable monetary relief;

    f.     A judgment awarding Plaintiffs and members of the Class reasonable attorneys' fees, costs, and expenses;

    g.     An Order declaring that Defendants are obligated to pay both pre-judgment and post-judgment interest on any amounts awarded; and

    h.     An Order granting such other and further relief as the Court deems just and proper under the circumstances

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of all other similarly situated, hereby demand a trial by jury as to all issues.

Dated: April 30, 2020

Plaintiffs,

By Their Attorneys,

 **/s/ Angela Edwards**

Angela Edwards, Esq. (BBO No. 565111)
LAW OFFICE OF ANGELA EDWARDS
72 Canterbury Circle
East Longmeadow, Massachusetts 01028
Tel.:    (413) 525-3820
angelaedwards@charter.net

**/s/ Mark J. Albano**

Mark J. Albano, Esq. (BBO No.: 013860)
ALBANO LAW, LLC
One Monarch Place, Suite 1330
Springfield, Massachusetts 01144-1330
Tel: (413) 736-3500
Fax: (413) 746-9224
mark@albanolawllc.com